WILLIAM HOPPER, PLAINTIFF, v. WEST JERSEY AND SEA-SHORE RAILROAD COMPANY, DEFENDANT.

Submitted October term, 1928—Decided March 11, 1929.

Before Justices Trenchard, Kalisch and Lloyd.

For the rule, *Bourgeois & Coulomb.*

*Contra, Albert S. Woodruff.*

Per Curiam.

This is defendant's rule for new trial in an action for damages arising out of a grade crossing accident, and the reasons for making the rule absolute are that the verdict was against the weight of the evidence as to negligence of the defendant and as to the contributory negligence of the plaintiff himself.

A collision occurred at what was called the Ninth street crossing of the defendant's railroad, near Hammonton. There are two tracks and plaintiff was struck as he attempted to cross from the west side to the east side by a southbound train on the near track. He received personal injuries and his automobile was damaged.

The negligence alleged in the defendant was failure to give the statutory signal by bell or whistle; the crossing, though a public one, being unprotected otherwise. The accident happened about six-thirty o'clock in the evening when it was about dusk. There was a low place in which the view of the train was at the time obscured by fog or mist. Plaintiff testified that as he approached the crossing he could see no train and that no signal was given by those operating the locomotive. His testimony was corroborated by that of a young woman whom he had just taken to her home, several hundred feet to the west of the railroad right-of-way, and by this young woman's mother. Similar evidence was given by a man named Hoover who was working in his chicken house one hundred and thirty feet from the crossing. There was also some corroboration from a woman named McGrath. Against this the defendant called the train crew, a flagman who happened to be on the train and two passengers, whose testimony, if believed, established that the train signals were given.

In this situation we think we cannot say that the verdict was so clearly against the weight of the evidence as to imply that the verdict was the result of improper motive in the jury.

The rule is discharged.